# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

KEVIN IMMEL,                                                                                      PLAINTIFF
ADC #660654

v.                                       3:19CV00229-KGB-JTK

SUSAN COX                                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.  Introduction**

Plaintiff Kevin Immel is a state inmate confined at the Delta Regional Unit of the Arkansas Department of Correction (ADC) who filed this pro se 42 U.S.C. § 1983 action alleging inadequate medical care while incarcerated at the Poinsett County Detention Center. (Doc. No. 2) By Order dated August 23, 2019, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to submit an Amended Complaint within thirty days. (Doc. No. 3) Plaintiff submitted a notice of change of address on September 18, 2019 (Doc. No. 5), and the Court granted him an additional thirty days in which to amend on October 2, 2019 (Doc. No. 6)    As of this date, Plaintiff has not submitted a second Amended Complaint

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

**II.  Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleged in his Complaint that while at the Jail he was denied bandages and cream for an open wound. (Doc. No. 2, p. 4) The Court noted in the August 23, 2019 Order that Plaintiff did not name Defendant Cox in his Complaint, and did not allege any facts relating to her care of him, and directed him to submit an Amended Complaint which included specific factual allegations against her. (Doc. No. 3, p. 3) However, since Plaintiff did not submit an Amended Complaint in accordance with that Order, the Court finds his Complaint should be dismissed, for failure to state a claim upon which relief may be granted

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendant be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

3. The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 4th day of November, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE